# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

KRISOHN ADAKAI,

    Movant,

vs.                               No. CV 16-00407 MCA/KBM
                                    No. CR 13-02062 MCA

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody filed by Movant, Krisohn Adakai, on May 9, 2016 (CV Doc. 1; CR Doc. 27) ("§ 2255 Motion"). In her § 2255 Motion, Adakai makes three ineffective assistance of counsel arguments: (1) that her defense counsel failed to explain the appeal process and to file a notice of appeal after sentencing; (2) that defense counsel failed to petition the court to order a mental evaluation and assessment; and (3) that her guilty plea was not made voluntarily or with understanding of the nature of the charge and the consequences of the plea. (CV Doc. 1 at 4-5; CR Doc. 27 at 3-5). The Court determines that Movant Adakai's claims are barred by the statute of limitations of 28 U.S.C. § 2255(f). Further, even if the claims are not barred, Movant Adakai knowingly and voluntarily entered into the plea agreement and she received effective assistance of counsel. Therefore the Court denies Adakai's § 2255 Motion.

1

# I. FACTUAL AND PROCEDURAL BACKGROUND

In 2012, Krisohn Adakai was charged with second degree murder in violation of 18 U.S.C. §§ 1153 and 1111.  (CR Doc. 1).  A criminal Information was filed on June 13, 2013, charging that on July 28, 2012, Adakai "with malice aforethought did unlawfully kill Jane Doe, a human being, by stabbing her in violation of 18 U.S.C. §§ 1153 and 1111."  (Doc. 18). Assistant Federal Public Defender James Loonan was appointed to represent Adakai in July 31, 2012.  Adakai then retained private counsel, and attorney Emeterio Rudolfo substituted for Public Defender Loonan as counsel for Adakai on September 13, 2012.  (CR Doc. 13, 14).

Adakai pled guilty to the charge of second degree murder under a Plea Agreement on July 13, 2013.  (Doc. 20, 21, 22).  In consenting to plead before a United States Magistrate Judge, Adakai expressly stated that the nature of the offense and the maximum penalties had been explained to her, and that she had been informed of her rights to assistance of counsel and to go to trial and sentencing before a District Judge.  (Doc. 20).  The Plea Agreement, which was signed by Adakai, also stated:

> "Defendant has thoroughly reviewed all aspects of the case with Defendant's attorney and is fully satisfied with her attorney's legal representation . . . Defendant is aware that 18 U.S.C. § 3742 affords Defendant the right to appeal a conviction and sentence imposed.  Acknowledging that, Defendant knowingly waives the right to appeal her conviction and sentenced imposed in this case, except to the extent, if any, that the Court may impose a sentence that differs from that agreed to by the parties under Fed.R.Crim.P. 11(c)(1)(C)."

(CR Doc. 21 at 1, 6).  In the Plea Agreement, Adakai agreed to plead guilty to the Information charging second degree murder in violation of 18 U.S.C. §§ 1153 and 1111.  (CR Doc. 21 at 2). The parties also agreed to an 11-year sentence under Fed.R.Crim.P. 11(c)(1)(C).  (CR Doc. 21 at 3). Had Adakai proceeded to trial, she could have been sentenced to life imprisonment.  (CR Doc. 21 at 2).

On September 12, 2013, the Court accepted the Plea Agreement and sentenced Adakai to the agreed 11 years of imprisonment. (CR Doc. 24, 25, 26). Judgment was entered on the sentence on September 13, 2013. (CR Doc. 25). An Amended Judgment was then entered on October 3, 2013, to correct a clerical error in the date of the offense. (CR Doc. 26). Adakai filed her pro se § 2255 Motion on May 9, 2016. (CV Doc. 1; CR Doc. 27).

Adakai seeks § 2255 relief on the grounds of ineffective assistance of counsel in failing to petition the court for a mental evaluation and assessment, obtaining a conviction by a guilty plea that was not made voluntarily or knowingly, and failing to explain the appellate process and file a post-sentence appeal. (CV Doc. 1 at 4-5; CR Doc. 27 at 4-5). Adakai does not contend that, but for ineffective assistance of counsel, she would not have pled guilty. Instead, she claims that she wanted to appeal in order to receive a shorter sentence. (CV Doc. 1 at 4, CR Doc. 27 at 4).

## II. ANALYSIS OF KRISOHN ADAKAI'S CLAIMS

### A. Adakai's Claims are Barred by the Statute of Limitations:

Section 2255(f) sets out the statute of limitations governing motions for collateral review of convictions and sentences:

> "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

> (4) the date on which the facts supporting the claim or claims
> presented could have been discovered through the exercise of
> due diligence.

Adakai's judgment of conviction became final in October of 2013. *Clay v. United States*, 537 U.S. 522, 524 (2003). Neither the record in her criminal case nor Adakai's § 2255 Motion set out any circumstances showing that the limitation period should run from a different date or that circumstances exist to toll the running of the one-year statute of limitations. *See* 28 U.S.C. § 2255(f)(2), (3), or (4); *Marsh v. Soares,* 223 F.3d 1217, 1220-21 (10th Cir. 2000). *See, also, United States v. Terrones-Lopez*, 447 Fed. App'x 882, 884-85 (10th Cir. 2011). Her § 2255 Motion was not filed until May 9, 2016 more than two and one-half years after her conviction became final. (CV Doc. 1; CR Doc. 27). Adakai's § 2255 Motion is barred, on its face, by the one-year statute of limitations of 28 U.S.C. § 2255(f). *Jones v. Bock*, 549 U.S. 199, 214-15 (2007); *Vasquez Arroyo v. Starks,* 589 F.3d 1091, 1096 (10th Cir. 2009).

### B. **Adakai Did Not Receive Ineffective Assistance of Counsel:**

Even if Adakai's § 2255 Motion is not barred by the statute of limitations, she would not be eligible for § 2255 relief. Adakai claims that she received ineffective assistance of counsel in negotiating and entering into the Plea Agreement and in connection with the appellate phase of the case. (CV Doc. 1 at 4-5, CR Doc. 27 at 4-5). The Court has reviewed the Motion and the record. Under Rule 8 of the Rules Governing Section 2255 Proceedings, the Court determines that an evidentiary hearing is not warranted. The Court concludes that the record is sufficient and fails to establish any claim of ineffective assistance of counsel.

In order to establish a claim of ineffective assistance of counsel, a movant must demonstrate: (1) that his counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). To

establish deficient performance, the challenger must show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 688. To establish prejudice, the movant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. The likelihood of a different result must be substantial, not just conceivable. *Harrington v. Richter,* 562 U.S. 86, 112 (2011).

Where the petitioner entered a plea of guilty or no contest, the petitioner must establish that she would not have pled guilty had her attorney performed in a constitutionally adequate manner. *Miller v. Champion,* 262 F.3d 1066, 1072 (10th Cir. 2001). If a plea was intelligently and voluntarily entered on advice of counsel and that advice was within constitutional standards, the plea is deemed valid and there is no basis for federal habeas corpus relief. *Akridge v. Hopper,* 545 F.2d 457, 458 (5th Cir. 1977); *Allen v. Mullin,* 368 F.3d 1220, 1246 (10th Cir. 2004).

**1. Adakai Did Not Receive Ineffective Assistance of Counsel in Entering Into the Plea Agreement:**

Adakai claims a violation of her Fifth Amendment rights on the grounds that her plea of guilty "was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea." (Doc. 1 at 4). The Plea Agreement, itself, contains the following statements:

> "Defendant has thoroughly reviewed all aspects of the case with Defendant's attorney and is fully satisfied with her attorney's legal representation . . . Defendant is aware that 18 U.S.C. § 3742 affords Defendant the right to appeal a conviction and sentence imposed. Acknowledging that, Defendant knowingly waives the right to appeal her conviction and sentenced imposed in this case, except to the extent, if any, that the Court may impose a sentence that differs from that agreed to by the parties under Fed.R.Crim.P. 11(c)(1)(C)." (CR Doc. 21 at 1, 6).

> "The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement). The Defendant also represents that the defendant is pleading guilty because the

> Defendant is in fact guilty and for no other reason."
> (CR Doc. 21 at 7, ¶ 14).

> "This Agreement has been read to me in the language I understand best, and I have carefully discussed every part of it with my attorney. I understand the terms of his Agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this Agreement. No promises or inducements have been given to me other than those contained in this Agreement. No one has threatened or forced me in any way to enter into this Agreement. Finally, I am satisfied with the representation of my attorney in this matter."
> (CR Doc. 21 at 8).

The Plea Agreement is signed by both Krisohn Adakai and by her attorney. (CR Doc. 21 at 8).

The record also reflects the rule 11colloquy between Adakai and the Court at the plea hearing held June 13, 2013. (CR Doc. 22). Adakai was questioned regarding whether she was under the influence of drugs and regarding her mental status. The Court went through the Plea Agreement and informed Adakai as to the nature of the charges, the terms of the plea agreement and the consequences of entering into the Plea Agreement. Last, the Court inquired into whether Adakai was satisfied with the representation afforded her by her attorney. (CR Doc. 22). Based on the colloquy, the Court found that Adakai fully understood the charges, terms of the plea, and consequences of entering into the Plea Agreement. The Court also found that Adakai's guilty plea was freely, voluntarily, and intelligently made. (CR Doc. 22).

A defendant cannot demonstrate ineffective assistance of counsel where, as here, the plea colloquy belies the argument that she was not adequately informed of the terms and consequences of the plea agreement. *See Holt v. Braco* 418 Fed. App'x 697, 701(10th Cir. 2011) (numerous courts have denied relief under § 2255 to petitioners alleging that their guilty pleas were the product of ineffective assistance when their plea colloquies demonstrated otherwise).

The record is sufficient to establish that Adakai knowingly and voluntarily entered into the Plea Agreement. *Akridge,* 545 F.2d at 458. Further, Adakai does not contend that, but for a failure on her counsel's part, she would not have pled guilty to the charges. *Miller v. Champion,* 262 F.3d at 1072. Adakai has not shown that she received constitutionally inadequate assistance of counsel in negotiating and entering into the Plea Agreement, and is not entitled to relief on that ground. *Allen v. Mullin,* 368 F.3d at 1246.

**B. Counsel Was Not Ineffective in Failing to Petition for a Mental Evaluation:**

In Ground Two, Adakai contends she received ineffective assistance of counsel because "defense counsel failed to petition the court to order a mental evaluation and assessment." (CV Doc. 1 at 4, CR Doc. 27 at 4). The record, however, does not demonstrate any error or that counsel was ineffective in his representation of Adakai.

The record does not show any evidence that Adakai was incompetent during the proceedings in her criminal case. *See Weeks v. Jones,* 26 F.3d 1030 104 (11th Cir.1994). Further, Movant Adakai's allegations do not permit the Court to reasonably infer that, had counsel sought a mental evaluation, Adakai would have refused to plead guilty and insisted on going to trial. *Strickland v. Washington,* 466 U.S. at 694. Adakai has failed to sufficiently allege prejudice from counsel's claimed failure to request a mental evaluation, and her ineffective assistance of counsel claim based on such an alleged failure cannot meet the deficient performance or prejudice requirements of *Strickland.*

Further, hindsight speculation by Adakai that she might have received a lower sentence under different circumstances is insufficient to establish constitutionally deficient assistance of counsel. *See Battle v. Workman*, 353 F. App'x 105, 110 (10th Cir. 2009). The record establishes that counsel obtained an 11 year sentence. (Doc. 21, 25, 26). That sentence was within the

7

guidelines range and substantially less than the life sentence the Court could have imposed for the murder charge. (Doc. 21 at 2). The record shows that Adakai's counsel was effective in the sentencing phase of this case. *Strickland v. Washington,* 466 U.S. at 687.

**C. Counsel Was Not Ineffective in Failing to File an Appeal:**

Last, Adakai claims that counsel was ineffective in not explaining the appeal process or filing a notice of appeal after sentencing. (CV Doc. 1 at 4-5; CR Doc. 27 at 4-5). The Plea Agreement, however, contained a clear waiver of appeal rights. The Plea Agreement stated:

> "The Defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal her conviction and any sentence imposed in this case, except to the extent, if any, that the Court may impose a sentence that differs from that agreed to by the parties under Federal Rule of Criminal Procedure 11(c)(1)(C). . . ."

(CR Doc. 21 at 6, ¶ 13).

As set out, above, the record shows Adakai knowingly and voluntarily agreed to the Plea Agreement, including the appellate waiver. *United States v. Weeks,* 653 F.3d 1188, 1197, n. 4 (10th Cir. 2011). Counsel was not ineffective in failing to file an appeal in the face of that waiver.

Further, Adakai does not claim or establish any legal error in her sentencing or show how she was prejudiced by any failure to appeal. She was on notice of the sentencing range under the guidelines and received a sentence well below the maximum life-sentence she could have received had she proceeded to trial. (CR Doc. 21 at 2). The fact that, in hindsight, she would have liked an even shorter sentence than the agreed 11 years imposed by the Court does not establish any prejudice or miscarriage of justice. *United States v. Green,* 405 F.3d 1180, 1191-94 (10th Cir. 2005). Adakai is not entitled to any relief based on counsel's alleged failure to explain the appeal process or to file an appeal of her sentence. *United States v. Maldonado,* 410 F.3d 1231, 1233-34 (10th Cir. 2005).

## CONCLUSION

Movant Krisohn Adakai's § 2255 claims are barred by the one-year statute of limitations of 28 U.S.C. § 2255(f). Moreover, Adakai fails to show that she received ineffective assistance in violation of her Fifth Amendment right to counsel. *Strickland v. Washington,* 466 U.S. at 687. The Court will dismiss her § 2255 claims under Rule 4(b) of the Rules Governing Section 2255 Proceedings. The Court also determines that, under Rule 11(a) of the Rules Governing Section 2255 Proceedings, Adakai has failed to make a substantial showing that she has been denied a constitutional right. The Court will deny a certificate of appealability.

**IT IS ORDERED** that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody filed by Movant, Krisohn Adakai, on May 9, 2016 (CV Doc. 1; CR Doc. 27) is **DISMISSED**, a certificate of appealability is **DENIED** under Rule 11 of the Rules Governing Section 2255 Proceedings, and Judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE